DAVIS v. THE CITY OF DUBUQUE *et al.*

1. **Municipal corporation:** TAXATION OF AGRICULTURAL LANDS. The case of *Fulton* v. *The City of Davenport*, 17 Iowa, 404; and *Buell* v. *Ball, ante*, applied and followed.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 14.

THIS is a suit to enjoin the collection of certain taxes assessed and levied, for municipal purposes, upon two tracts of land situated on the new extension of the city of Dubuque, one of forty acres, in section 7, and the other twenty-four and twenty-five hundredths acres, situated in section 13, upon the general ground that these tracts have never been laid off and dedicated as town property, or demanded by the growth of the city for that purpose, &c.

The plaintiff, in his petition, does not claim exemption from road and school taxes; but that the land in question is not town property in the sense of the law and the deci-

sions of this court, and for that reason is not liable to be taxed for general corporate objects. The court, in hearing the case, granted the prayer of the petition, except as to the levy and collection of tax for a certain special interest fund. From this decision both parties appeal.

*Wiltse & Poor* for the plaintiff.

*O'Niel* for the defendants.

LOWE, Ch. J. — What is meant by the special interest fund is not explained by the record. We may conjecture, perhaps, that it is a fund raised by a special tax, to pay the accruing interest on the liabilities of the city as a corporation.

1. MUNICIPAL CORPORATION: taxation of agricultural lands.

However this may be, counsel for the city concede that there is no reason for a distinction between the special interest tax and the city expense tax, so ·far as the merits of this controversy are concerned. The same counsel, however, insists that plaintiff's land is legitimately taxable for general corporation purposes, when tried by the rules and principles laid down in the cases of *Langworthy* v. *City of Dubuque*, 16 Iowa, 271, and *Fulton* v. *City of Davenport*, 17 Id., 504.

Our examination of the evidence and the precise location of the lands on the map of Dubuque, and the relations which they bear to the city, its improvements and police advantages, satisfies us that they differ relatively in their position from the Langworthy lots; and that when tested by the more definite rule laid down in the case of *Fulton* v. *The City of Davenport, supra*, they are not liable to taxation for municipal objects other than road and school purposes.

In its facts it comes more nearly within the case of *Buel* v. *Ball, ante*, where we held that the plaintiff's lands, not

dissimilarly situated from this, were not legally taxable for city purposes.

Upon the whole we are inclined to reverse the judgment of the court, declaring plaintiff's lands subject to taxation for the special interest fund, but to affirm the decision of the court in all other respects.

Affirmed with modification.